IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHANNON LEE BOONE, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 22-0089-CG-N |
| BALDWIN COUNTY ALABAMA, et al, | : | |
| Defendant(s). | : | |

REPORT AND RECOMMENDATION

Plaintiff, Shannon Lee Boone, an Alabama inmate proceeding pro se, filed the instant case alleging violations under 42 U.S.C. § 1983 (Doc. 1), along with a motion to proceed without prepayment of fees (Doc. 2). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D.Ala.Gen. LR 72(a)(2)(R) for appropriate action. Because Plaintiff has failed to prosecute and to comply with the Court's Order dated August 2, 2022, it is recommended that this action be dismissed without prejudice.

On April 7, 2022, this Court issued an Order directing Plaintiff to file the § 1983 complaint and motion to proceed without prepayment of fees on this Court's forms by April 27, 2022 (Doc. 3). On May 11, 2022, the Court issued and Order regarding Boone's motion for leave to proceed in forma pauperis (Doc. 5) and his notice of a change of address (Doc. 7), which indicated that he was no longer incarcerated. Because the prison is no longer able to collect the filing fee from Boone's inmate account, the Court denied Plaintiff's motion (Doc. 5) and directed him to re-file the motion detailing how he provides for life's basic necessities by June 3, 2022 (Doc. 8). Upon consideration of the representations in Boone's IFP motion (Doc. 9), the Court entered an Order finding that Plaintiff must provide additional information in order for the Court to be able to

make an informed decision on his entitlement to IFP status, and was directed to file an amended motion by July 13, 2022 (Doc. 10). Boone filed a third amended IFP motion (Doc. 11). Upon reviewing the new IFP, the Court again found it deficient and ordered Plaintiff to either pay the $402 filing fee or file another amended motion by August 23, 2022 (Doc. 12).

Plaintiff has not responded to the Court's orders nor has the document been returned as undeliverable. Plaintiff was cautioned that his failure to comply with the Court's order would result in a recommendation that this action would be dismissed without prejudice for failure to prosecute and to obey the Court's order. Due to this failure, the Court construes the lack of a response as an indication that Plaintiff is no longer interested in proceeding with his action.

As a consequence of Plaintiff's failure to comply with the Court's Order and to prosecute this action, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA.GEN. LR. 72(c). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 8th of September, 2020.

s/KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE